UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ZAERIVAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF MONTEREY,<br><br>　　　　Defendant. | Case No. 25-cv-05936-JD<br><br>**ORDER RE DISMISSAL** |

Plaintiff, a detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. His amended complaint (Dkt. No. 12) is reviewed pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

### STANDARD OF REVIEW

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court will identify plausible claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that Monterey County Jail was deliberately indifferent to his safety, in violation of the Eighth Amendment.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The failure of prison officials to protect inmates from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834.  A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.  The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference. *See id.* at 837.

Section 1983 liability may be imposed on a defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  There is no Section 1983 liability simply because an individual supervised the alleged wrongdoer. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under Section 1983, i.e., no liability under theory that one is liable simply because he supervises person who has violated plaintiff's right).

//

**Plaintiff's Allegations**

On January 3, 2025, while housed in Monterey County Jail, A-Dorm, plaintiff was abused and physically and verbally assaulted by another inmate. Deputies took plaintiff's report, but classification took no legal action against the attacker and only moved the attacker to another housing unit. Due to internal jail rules, because plaintiff was classified as "other race," he was housed with African American inmates who bullied him because he was a minority and who often unfairly made plaintiff do double duty, such as a restroom cleaning. The "keyholder of Brothers (John Osborn)" threatened to identify plaintiff as a snitch if plaintiff complained to prison officials. On February 15, 2025, plaintiff was attacked and threatened by these inmates. That same day, plaintiff requested to meet with classification so he could discuss his concerns. Classification did not respond until February 24, 2025, and asked, "What would you like to talk to us about." Plaintiff wrote to Deputy Cosio, "I would like to talk about being abused and assaulted." On February 25, 2025, Deputy Cosio responded, "We will be out to speak to you," but no one contacted plaintiff. On February 27, 2025, plaintiff was attacked during shower time. Plaintiff immediately wrote to Deputy Cosio, "I am still waiting to talk to a classification officer." Deputy Caballera responded the next day, "I will speak with you soon," but no one met with plaintiff. On March 14, 2025, plaintiff was attacked by the same inmate who had attacked him previously, resulting in great bodily injury to plaintiff, including a "deep injury" on his face and forehead which required stitches. *See* Dkt. No. 12 at 2-5. Plaintiff seeks the following relief: "1. I want to file a lawsuit against County of Monterey for violation of Eighth Amendment. 2. Apply the law through judiciary system with apperance (sic) of both Plaintiff and Defendant and Joury (sic)." Dkt. No. 12 at 3.

**Discussion**

The amended complaint does not state a cognizable municipal liability claim against Monterey County. Plaintiff has not alleged that the alleged constitutional violations were because of an expressly adopted official county policy, a long-standing county practice or custom, or the decision of a final county policymaker. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (citing *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978)). Monterey County is not

3

liable for constitutional violations simply because it employs or supervises a person who has violated plaintiff's constitutional rights. The Court dismisses the amended complaint for failure to state a claim.

The case is dismissed with prejudice. The Court has previously advised plaintiff of the deficiencies in his claims, and granted him leave to amend. Plaintiff has been unable to correct the deficiencies, with his amended complaint simply naming a different defendant but not correcting the substantive issue with his claim. Under these circumstances, the Court finds that dismissal with prejudice is appropriate. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court may deny leave to amend where there have been repeated failures to cure deficiencies by amendment).

The Clerk is requested to close the case.

**IT IS SO ORDERED.**

Dated: November 4, 2025

JAMES DONATO
United States District Judge